IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy 21-22031-CMB |
| AKSHITA BANERJEE, ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | Related to Doc Nos. 41, 46, 57 |

**CONSENT MOTION FOR EXTENSION OF TIME
TO FILE COMPLAINT DETERMINING DISCHARGEABILITY OF DEBT
OR OBJECTING TO DISCHARGE**

Pursuant to Rules 4004(b), 4007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure, creditor Sadis & Goldberg LLP (hereinafter referred to as "Sadis") and Debtor Akshita Banerjee ("Debtor"), by their undersigned counsel, hereby jointly file this Consent Motion for Extension of Time To File Complaint Determining Dischargeability of Debt or Objecting to Discharge, and aver as follows:

*Statement of Jurisdiction, Venue and Parties*

1. On September 16, 2021 (hereinafter referred to as the "Petition Date"), Debtor filed a voluntary petition for relief pursuant to Chapter 13, Title 11 of the United States Code (hereinafter referred to as the "Voluntary Petition"). *[Doc. #1]*.

2. This Court has jurisdiction over this matter pursuant to Bankruptcy Rules 4004(b) and 4007(c). This is a "core" proceeding under 28 U.S.C. §157(b)(2)(I) & (J).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

4. Sadis is a "creditor" within the meaning of 11 U.S.C. §101(10)(A).

*Statement of Pertinent Facts*

5. After having previously extended the deadline for filing a complaint to determine the dischargeability of a debt, this Honorable Court, upon Consent Motion, once again, extended

the deadline for filing a complaint to determine the dischargeability of a debt through August 31, 2022. [*Doc. 57*].

6. Since that time, Sadis and Debtor have been working collaboratively to conduct a 2004 Examination of Debtor.

7. Due to delays in Debtor's document production, Sadis and Debtor have not yet been able to conduct the 2004 Examination of Debtor, but Debtor is in the process of gathering and producing the documents and scheduling 2004 Examination as soon as possible.

8. Sadis and the Debtor consent to an additional extension of the discharge deadline through November 30, 2022, to enable the parties sufficient time to conduct the 2004 Examination and for Sadis to prepare and file (if necessary) a Complaint to Discharge after the Examination is conducted.

### *Legal Basis for Seeking Extension of Time*

9. Bankruptcy Rule 4007(c) provides as follows:

> (c) **Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation and Chapter 11 Reorganization Cases; Notice of Time Fixed**. A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days ***following the first date set for the meeting of creditors held pursuant to § 341(a)***. The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. ***On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision***. *The motion shall be made before the time has expired.*

Fed.R.Bank.Proc., Rule 4007(c) (emphasis added).

10. Analogous provisions are found at Bankruptcy Rule 4004 which provides, in pertinent part, as follows:

> (a) **Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed**. In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). *In a*

> *chapter 11 reorganization case, such complaint shall be filed not later than the first date set for the hearing on confirmation.* The court shall give not less than 25 days notice of the time so fixed to all creditors in the manner provided in Rule 2002, and to the trustee and his attorney.
>
> (b) **Extension of Time.** *On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.*

Fed.R.Bank.Proc., Rule 4004(a) (emphasis added).

11.  Bankruptcy Rule 9006 vests this Court with the power to enlarge in its discretion the period for compliance with the time requirements set forth in Bankruptcy Rules 4004 and 4007, provided that the application to enlarge is made before expiration of the time period involved.

WHEREFORE, Sadis and Debtor respectfully request that this Honorable Court enter the attached Consent Order, extending the deadline for all parties to object to discharge to November 30, 2022.

Dated: August 25, 2022                                      Respectfully submitted,

| | |
|---|---|
| By:  */s/ Gary M. Sanderson*<br>Meyer, Unkovic & Scott LLP<br>Gary M. Sanderson, Esquire<br>Pa. I.D. #313591<br>gms@muslaw.com<br>Robert E. Dauer, Jr., Esquire<br>Pa. I.D. #61699<br>red@muslaw.com<br>535 Smithfield Street, Suite 1300<br>Pittsburgh, Pennsylvania 15222-2315<br>TEL: (412) 456-2800<br>FAX: (412) 456-2864<br>Counsel for Sadis & Goldberg, LLP | By:  */s/ John P. Lacher*<br>John Lacher, Esquire<br>Pa. I.D. # 62297<br>The Lynch Law Group, LLC<br>501 Smith Drive, Suite 3<br>Cranberry Tonwship, PA 16066<br>jlacher@lynchlaw-group.com<br>Counsel for Debtor |

{00437806.DOCX; 1}